*In-hand @ 1:24*
*4/27/10*

SPS



COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

TRUE COPY ATTEST
*Michael Powers*
DEPUTY SHERIFF HND. CTY.

Evelyn R Sinkler  vs.  Massmutual Insurance Company

CL-2010-0004237

TO:     Massmutual Insurance Company
1295 State St
Springfield MA

## SUMMONS –CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within  21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**
Done in the name of the Commonwealth of Virginia, on Monday, April 05, 2010.

JOHN T. FREY, CLERK

By: _____ *Katherine A. Frits* _____
Deputy Clerk

Plaintiff's Attorney

**EXHIBIT**
**1**



## THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

FILED
CIVIL INTAKE
2010 MAR 24 PH 12: 45
*
* JOHN T. FREY
CLERK, CIRCUIT COURT
* FAIRFAX, VA

EVELYN R. SINKLER
Plaintiff

v.

MASSMUTUAL INSURANCE COMPANY
Defendant

\*
\*          2 0 1 0 - 4 2 3 7
\* CASE #_____
        TRUE COPY ATTEST

Michael Powers
DEPUTY SHERIFF HND. CTY.

### COMPLAINT

On or about October 1, 2001, Plaintiff purchased a delayed, privately owned, long term disability policy from Mass Mutual Insurance Company through her Company (CESSI). The plaintiff at the time worked as an Federal contractor at a site in Washington, D.C. but the company that introduced the policy to her was located in McLean, Virginia. Although it was purchased through the employer, (CESSI), it was not governed by ERISA since it was completely portable and the plaintiff made payments directly to the MassMutual and was able to take the policy with her upon leaving the company. As such, plaintiff made payments a per the policy in a timely manner from 10-2001 through 10-2007. The policy benefits provided a monthly benefit in the amount of $1500.00, it also contained a waiver of premium benefit and was guaranteed renewable to age 65.

In 2004, Plaintiff became totally disabled according to the Code of Federal Regulation. The plaintiff submitted a claim for disability benefits as per the policy's provision states in April 2007, claim # MMFG-07-00401-01-DI was issued to by MassMutual Insurance Company ("the Defendant).

Despite the policy provisions that provides for the 'prompt' payment of her claim of disability, Defendant have not paid the Plaintiff but have used fraudulent and deceitful tactics to delayed paying the Plaintiff her benefits in violation of the <u>Virginia Code § 38.2-510 - Unfair claim settlement practices.</u> The plaintiff believes the defendant to be a bad faith insurer and in breach of their contract since it has not paid disability payments in connection with the policy provisions. Furthermore, based on the acts of the defendant's breach, plaintiff have suffered unnecessary and substantial losses.

Plaintiff have provided all pertinent claim forms and have submitted to all reasonable requests for information, that comply with state and federal statutes which governs the policy. Despite doing so, the defendant have engaged in fraudulent and deceitful acts such as (1) altering the original's policy contestability date and providing fraudulent signatures. (2) denied the situs of the policy, when the policy states clearly that it was "issued" in Virginia. (3)

2

requesting the plaintiff to submit to an (IMEs) independent medical exams that do not support her disability.  Although claim # MMFG-07-00401-01-DI was issued in 4-2007 and it is now 3-2010, it is clear, to the plaintiff that the defendant is a bad faith insurer and has no intention of honoring their Policy.

**THEREFORE,** in consideration of the above facts, Plaintiff hereby demands judgment from the defendant in the amount of three (3) times the amount owed her for claim # **MMFG-07-00401-01-DI** to the date of settlement), and **specific performance in accordance with the Policy,** all court costs, attorney fees, if any, prejudgment and postjudgment interest as well as any other remedy under the law.

**TRIAL BY JURY IS REQUESTED**

Respectfully Submitted

Evelyn R. Sinkler, Pro Se
283 Land On Drive
Ruther Glen, VA  22546
443-466-5796

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Plaintiff's complaint was sent via US Mail on March 22nd day of 2010.

**PLEASE SERVE TO:**

TO:  MassMutual Financial
1295 State Street
Springfield, MA  01111
ATTN:  Legal Department

## AMENDED COMPLAINT

## THE CIRCUIT COURT OF FAIRFAX COUNTY, VA

| | | |
|---|---|---|
| Evelyn R. Sinkler | * | |
| Plaintiff | * | |
| V. | * | CASE#2010-4237 |
| MASSMUTUAL LIFE INSURANCE CO. | * | |
| Defendant | * | |
| | * | |

**■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■**

### STATEMENT OF FACTS

On or about October 3, 2001 [Exhibit #1], Andrew H. Prevost, LUTCF, CESSI, 401(k) and

Insurance advisor came by the site where the complainant worked at 500 Constitution Avenue,

Washington, D.C. to sell to CESSI employees a long term disability. The Policy was said to be

"delayed." Delayed in the sense that if the policy was obtained that day and approved, the date

on which the application was signed would be the date the policy becomes effective. The Policy

was not guided by ERISA and was completely portable, which meant, the complainant could

take the Policy with her when she left the company. [Exhibit #6]

On Or about October 2001, Plaintiff purchased from Massachusetts Mutual Life, aka, Mass

Mutual Financial Group (MMFG), Policy#8,345,833 that was issued on April 11, 2002 and made

timely payments on said policy. The Policy's Specifications included Total Disability and

Extended Partial Disability benefits with a monthly benefit of $1500 for the maximum period of

age 65. Complainant made payments on said policy timely from 2001 through 10-2007.

[Exhibit#2]

On or about March 2007, complainant made a claim (claim # MMFG-07-00401-01-DI) under

Policy # 8,345.833 in order to apply for her disability benefits. In accordance with the policy

provisions under "Proof of Loss" as, Plaintiff submitted the appropriate documentation; she did not submit to the "physical examination" for two reasons:

1. The Policy was no longer contestable, since under "**TIME LIMIT ON CERTAIN DEFENSES**" read: **"After two years from the date this Policy becomes effective, only fraudulent misstatement in the application may be used to void the Policy or to deny a claim for a disability that starts after the two year period"** [Exhibit#3]

2. The claims examiner (deceitfully) set up IMEs that were not consistent with her disability in an effort to receive report from their paid physician that the insured was NOT disabled. [Exhibit#5]

To this day, the insurer has not paid the insured her benefits; but has continued to delay payments, and use more fraudulent and deceitful tactics, that include: changing the contestability date of the Policy; misstating the terms of the original policy; stating that the policy was printed on the wrong forms. (Virginia) after the insured paid for the policy on Virginia forms for more than 5 years; misstatements regarding the "situs" to both Commissioners (Virginia and Maryland) while the policy is clear that it was issued in Virginia at the place where the company CESSI is located (McLean, VA).   They have also misrepresented the policies to both Commissioners (Maryland and Virginia). [Exhibit 4&5].

The insurer is in violation of the Virginia Code § 38.2-510 – **Unfair Claim Settlement Practices for many reasons:   (1) they have not denied the claim but liability is clear based upon medical reports they have received from the insured's physicians. (2)** Misrepresenting pertinent facts or insurance policy provisions relating to coverage's at issue; Refusing arbitrarily and unreasonably to pay claims; (3) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (4)Not attempting in good faith to make prompt, fair and equitable settlements of claims in which

liability has become reasonably clear; (5) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, when both contain substantially the same information.

The insured have had substantial financial losses based on the conduct of the insurer.

**THEREFORE,** based on the foregoing facts, Plaintiff hereby demands judgment from the defendant in the amount of 3 times the amount from the time the insured first became disabled until the time it takes this matter to be resolved.   Plaintiff court costs, attorney fees, if any, prejudgment and post judgment interest and any other remedy under the law.

Respectfully Submitted,


Evelyn R. Sinkler

283 Land Or Drive

Ruther Glen, VA 22546

804 448 2280


Trial by Jury is requested


**Please Serve On:**

MassMutual Life Insurance, aka (Mass Financial Group)

1295 State Street

Springfield, Ma 01111

ATTENTION: Legal Department B430

617-521-7794




Exhibit 1



**MassMutual**
**FINANCIAL GROUP**
_____
THE BLUE CHIP COMPANIES™

October 3, 2001

Andrew H. Prevost, LUTCF
*Insurance and Financial Services*

The Washington Group
6707 Democracy Boulevard   Suite 500
Bethesda MD  20817-1129
Tel   (301) 581-7245
Fax  (301) 581-7272
e-mail: ahprevost@finsvcs.com

Evelyn Sinkler
2518 Panther Lane
Bowie, MD  20718

Dear Evelyn:

# *URGENT: CESSI BENEFIT MATERIAL ENCLOSED*

As part of my ongoing efforts to help you build a well protected financial future, I would like to talk with you about the benefits of disability income insurance. It is a crucial part of your overall financial plan.

Just ask yourself: *If I can't work, how will I pay my bills?* Disability does strike…if you're between the ages of 27 and 55, you have at least a one-in-three chance of suffering a long-term disability sometime before retirement.* There is only one sure way to protect your ability to earn an income – disability income insurance. Your most valuable asset is your ability to earn an income. If you protect your other assets such as your home or car, then this product is a must.

CESSI does not cover this benefit under their corporate insurance coverages. CESSI's benefit packages is one of the best in the industry and they realize that their employees need this coverage. We are bringing this benefit to you at a 25% discount from the normal premium rates. Enclosed is the insurance summary for a $1,500.00 per month tax-free benefit. If you would like to increase this benefit due to specific planning needs, please call me at your earliest convenience.

If you have any questions concerning this coverage, please call me at (301) 581-7245.

All the Best,

Andrew H. Prevost, LUTCF
*CESSI 401(k) and Insurance Advisor*

*Society of Actuaries, 1985

Insurance Representative of Massachusetts Mutual Life Insurance Company and affiliated companies . Springfield MA 01111-0001
Registered Representative of and securities offered through MML Investors Services, Inc., a MassMutual subsidiary . Supervisory Office 2
Democracy Plaza Suite 500  6707 Democracy Blvd  Bethesda MD 20817 (301) 581-7200  The Washington .
General Agent

*Exhibit 1*

# Massachusetts Mutual Life Insurance Company

*It is our pleasure to issue this valuable policy.*

**INSURED** EVELYN SINKLER

**DATE OF ISSUE** APR 11, 2002

**POLICY NUMBER** 8,345,833

**PRODUCT** DISABILITY INCOME



MassMutual

The Blue Chip Company ℠

*Exhibit 1*

# Massachusetts Mutual Life Insurance Company
## Springfield, Massachusetts

**INSURED** EVELYN SINKLER                                   8,345,833   **POLICY NUMBER**

We at Massachusetts Mutual Life believe You should read Your Policy carefully. We have written it in plain English so You will understand the terms. We will, subject to these terms, pay the benefits to the Recipient of Benefits if the Insured should become Disabled while the Policy is In Force. This Policy is a legal contract between the Owner and the Company.

We provide benefits for a loss arising from a Sickness that manifests itself after the Policy becomes Effective and while this Policy is In Force. We also provide benefits for a loss resulting from an Injury that happens while the Policy is In Force.

We provide benefits for a loss arising from a condition that existed before the Policy was In Force, if the condition was fully and accurately described in the application and We did not specifically exclude the condition from coverage. The loss must occur while the Policy is In Force.

**RENEWAL PROVISION.** We will not cancel this Policy. We will not change the premiums from those shown in the Policy Specifications, unless requested to do so by You. As long as the premiums are paid on time, We will continue coverage until the Expiration Date.

This Policy is issued by Massachusetts Mutual Life Insurance Company from Our Home Office, 1295 State Street, Springfield, Massachusetts 01111-0001 on the Issue Date shown in the Policy Specifications.

READ YOUR POLICY CAREFULLY

*Ann F. Lomeli*
SECRETARY

*R J O'Connell*
PRESIDENT

## THIS POLICY PAYS NO BENEFITS IF THE INSURED IS NOT TOTALLY DISABLED.

**YOUR POLICY MAY NOT APPLY WHEN YOU HAVE A CLAIM! PLEASE READ!** Your Policy was issued based on information entered in Your application, a copy of which is attached to the Policy. If, to the best of Your knowledge and belief, there is any misstatement in Your application or if any information concerning the medical history of any Insured has been omitted, You should advise the Company immediately regarding the incorrect or omitted information; otherwise, Your policy may not be a valid contract.

**RIGHT TO RETURN POLICY WITHIN 10 DAYS.** If for any reason You are not satisfied with Your Policy, You may return it to the Company within    TEN days of the date You received it and the premium You paid will be promptly refunded.

Countersigned By _____   Licensed Resident Agent

**MEDICAL ASSISTANCE.** As required by Virginia Statutes, the Department of Medical Assistance shall be the payor of the last resort regarding benefits in this Policy, for persons eligible for medical assistance in Virginia.

**DISABILITY INCOME POLICY**
Noncancellable - rates guaranteed for the life of the Policy
Guaranteed continuable to Age 65
Participating
Convertible at Age 65

XL-GS-92(VA)

(xlgs2ava)

EXHIBIT #2          EXHIBIT #2

## POLICY SPECIFICATIONS

Insured: **EVELYN SINKLER**
Policy Date: APR 11, 2002
Date of Issue: APR 11, 2002
Premium Class: STANDARD, NON-TOBACCO RATES

Policy Number: **8,345,833**
Age and Sex: **45 FEMALE**
Occupational Class: **4A**

## DISABILITY INCOME POLICY

Policy Owner: **EVELYN SINKLER**
Recipient of Benefits: **EVELYN SINKLER**
Policy Expiry Date: **APR 11, 2022**
Monthly Anniversary: **11TH DAY OF EACH MONTH**
Annual Premiums: **SEE PREMIUM SUMMARY**
Modal Premiums: **SEE PREMIUM SUMMARY**
Premium Mode: **MONTHLY**

## COVERAGE SUMMARY

| Coverage Date | Coverage | Monthly Benefit | Waiting Period | Maximum Benefit Period* |
|---|---|---|---|---|
| | **POLICY COVERAGE** | | | |
| APR 11, 2002 | Total Disability Benefit | $1,500 | 180 DAYS | TO AGE 65 |
| | **RIDER COVERAGE** | | | |
| APR 11, 2002 | Extended Partial Disability | $1,500 | 180 DAYS | TO AGE 65 |

The Maximum Benefit Period for the Total Disability Benefits will never be less than 24 months.

* – Indicates changed information (if applicable)

XL-GS-98                    **POLICY SPECIFICATIONS PAGE 1 OF 3**

(2ava)



## Changing The Policy

An authorized officer of Our company must approve any change to the provisions of this Policy. Our agents are not authorized to make changes or waive any provisions of this Policy. If the change restricts any coverage, the change request must be signed by You. All changes must be attached to the Policy.

## Assigning Or Transferring This Policy

Any interest or benefits in this Policy may be transferred or assigned by Written Request from You. Provide Us with the full terms of the assignment or transfer. If We do not receive a Written Request, We will not make the change. In any case, We are not responsible for the validity or tax consequences of any assignment or transfer.

## Time Limit On Certain Defenses

After two years from the date this Policy becomes Effective, only fraudulent misstatements in the application may be used to void this Policy or to deny a claim for a Disability that starts after the two year period.

After two years from the date any additional benefit or change based on a subsequent application becomes Effective, only fraudulent misstatements in the subsequent application may be used to void or deny the additional benefit or Policy change.

No claim for Disability that starts one year after the date this Policy or additional benefit (which requires Proof of Good Health to purchase) becomes Effective will be denied because a disease or physical condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

No claim for Disability caused by a disease or physical condition fully and accurately described in the application will be denied on the basis that the condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

With respect to statements made in the application for any additional benefit rider: The Time Limit on Certain Defenses provision of the Rider will apply.

## Legal Action Against Us

Legal action to recover benefits under this Policy may not be started for at least 60 days after written proof of Disability was sent to Us. Also, legal action may not be started later than three years after the Policy requires written proof of Disability to be submitted.

## Misstatement of Age

If the Insured's Age is misstated on the application, We will change the benefit amount to reflect the benefits the premiums would have bought at the correct Age.

We will make a refund if We would not have issued the Policy at the Insured's correct Age. We will also make a refund if coverage would have ended before We accepted the premium.

Any refund will only cover premiums that have been paid for coverage not received. We will deduct any amounts paid to any designated person or entity.

## Conformity With State Statutes

Any provision that on the date the Policy becomes Effective conflicts with the state statutes where the Insured resides, is changed to meet the minimum requirement of such statutes.

Exhibit 4



# COMMONWEALTH OF VIRGINIA

ALFRED W. GROSS
COMMISSIONER OF INSURANCE
STATE CORPORATION COMMISSION
BUREAU OF INSURANCE

P.O. BOX 1157
RICHMOND, VIRGINIA 23218
TELEPHONE: (804) 371-9741
TDD/VOICE: (804) 371-9206
http://www.scc.virginia.gov/boi

November 12, 2009

Evelyn Sinkler
283 Land Or Drive
Ruther Glen, VA  22546

File Number:  68204

Dear Ms. Sinkler:

We received your letter dated October 30, 2009.  We also received a copy of your letter addressed to Governor Kaine's office on November 8, 2009.

In Virginia, and in most other states as well, the state in which an insurance policy is issued has jurisdiction over insurance regulatory matters relating to that policy.  The information furnished to us by Mass Mutual indicates that your disability income policy was issued in Maryland in 2002.  Mass Mutual explains that it incorrectly used a Virginia policy form when it issued the policy to you.  The company indicates that the policy should have been issued on a Maryland policy form.

We understand that you have also contacted the Maryland Insurance Administration regarding your concerns with Mass Mutual.  Mass Mutual indicates that it has provided a response to Ms. Judy Rockwell with the Maryland Insurance Administration.  Therefore, should you have additional questions or concerns with your Mass Mutual policy, please direct them to the Maryland Insurance Administration.  The Maryland Insurance Administration can be reached at (410)-468-2270.

We trust the information has been helpful to you.

Sincerely,

Jackie L. Myers, AIE, FLMI, ACS, MHP
Supervisor, Consumer Services
Life and Health Division
Telephone No. (804) 371-9691

JLM/hs

cc:  The Honorable Timothy M. Kaine

Evelyn Sinkler
9/10
P.O. Box 1734
Bowie, MD 20717
F/U 3-26-07 Telephone Call

exhibit #5

MassMutual
FINANCIAL GROUP®

June 8, 2009

Edelstein Martin & Nelson, LLP
Attention: Keith Martin
123 South Broad St, Suite 1820
Philadelphia, PA 19109

Dear Atty. Martin:

Re: Insured: Evelyn Sinkler
Claim No.: MMFG-07-00401-01-DI
Policy No: 08345833-EDS

I am writing to provide you an update on Ms. Sinkler's claim.

As you know, we are exercising the provision in Ms. Sinkler's contract to send her for Examinations, so that we may better understand her claimed restrictions and limitations.

**Physical Examination,**

> "We may, while a claim is pending, have the Insured examined by a Doctor We choose as often as reasonably necessary. We will pay for any physical examination We may require."

We are arranging for Ms. Sinkler to attend a Neuropsychological Evaluation, Physiatric Upper Extremity Evaluation, and Psychiatric Evaluation, in that order, pending the outcome of the prior evaluation. Please let us know if there are any dates that Ms. Sinkler will be unavailable. Please contact us as soon as possible so that we may begin scheduling the evaluations.

Should you have any questions regarding this letter or your clients claim, please call me at 1-800-272-2216, option 8, ext. 23957, fax number 1-860-562-6171, or write to me at MassMutual Life Insurance Company, Disability Income Benefits Department M125, 1295 State Street, Springfield, MA 01111-0001.

Sincerely,

Angelique Lapointe
Claim Examiner

Exhibit 5

# COMMONWEALTH OF VIRGINIA

ALFRED W. GROSS
COMMISSIONER OF INSURANCE
STATE CORPORATION COMMISSION
BUREAU OF INSURANCE

P.O. BOX 1157
RICHMOND, VIRGINIA 23218
TELEPHONE: (804) 371-9741
TDD/VOICE: (804) 371-9206
http://www.scc.virginia.gov/boi

October 30, 2009

Evelyn Sinkler
283 Land Or Drive
Ruther Glen  VA  22546

File Number:  68204

Dear Ms. Sinkler:

We previously acknowledged & responded to your complaint regarding your policy with Mass Mutual Life Insurance Company (Mass Mutual).

Upon further contact with Mass Mutual and the Maryland Insurance Administration, it has been determined that the State of Maryland has jurisdiction over this matter. An insurance contract is subject to the laws and regulations of the state in which it is issued. Your individual disability income policy was issued by Mass Mutual for delivery to you in Maryland. Therefore, your policy is a Maryland sitused contract. Because the policy is not a Virginia contract, it is not subject to the authority of this office. Mass Mutual has confirmed that it has corresponded to the Maryland Insurance Administration regarding your concerns.

Should you wish to pursue this matter, you may want to contact the Maryland Insurance Administration directly for assistance. The address is:

Maryland Insurance Administration
525 Saint Paul Place
Baltimore, Maryland 21202-2272
(410) 468-2090

We trust this information has been helpful to you and that any further concerns can be addressed through the appropriate regulatory authority.

Sincerely,

Charles R. Sisk Jr.
Senior Insurance Market Examiner
Life and Health Division
Telephone No. (804) 371-9691
Toll-Free (877) 310-6560

# imc independent medical consultants

## post office box 915125 · longwood, florida · 32791

Exhibit #5

July 17, 2009

COPY

Evelyn Sinkler
PO Box 1734
Bowie, MD 20717

|       |                      |
|-------|----------------------|
| RE:   | Mass Mutual Financial |
| Claim #: | MMFG-07-00401-01-DI |

Dear Claimant,

Independent Medical Consultants (IMC) has been contacted by your disability insurance carrier, Mass Mutual Financial and they have asked us to coordinate an Independent Medical Examination. Please note that Mass Mutual Financial is paying for the total cost of the examination.

Your examination is scheduled for 8/26/2009 at 9:00 a.m. to approximately 5:00 p.m. The examination will be conducted by the following physician at the following address:

William Garmoe, Ph.D., ABPP
14300 Gallant Fox Lane Suite 107
Bowie, MD 20715
Tele#: 301-352-3921

Should you require specific directions, please contact the physician's office directly at the number listed above. Please bring reading glasses and/or hearing aids, if needed, to your scheduled appointment.

If you are unable to keep your scheduled appointment, please contact IMC immediately at our toll free claimant number, 1-866-869-1883. However, please be aware that if you fail to show for your scheduled appointment or do not contact our office within a specified time limit, you may be liable for the physician's No Show fee. William Garmoe, Ph.D., ABPP will assess a fee of $800.00 for a No Show or if his office is not provided with at least 2 business days notice of cancellation. Please do not contact the physician's office in order to cancel or reschedule your appointment, you must contact IMC.

Sincerely,

Michelle Stewart

*Sent fax - wrong physician - Not Rheumatologist*
*Claim Non-contestable - foolish, but will attend*
*"time limit for Defenses" clause   once for Rheumatologist*
*w/ my Drs approval*



Exhibit #6



May 22, 2009

Edelstein Martin & Nelson, LLP
Attention: Keith Martin
123 South Broad St, Suite 1820
Philadelphia, PA 19109

Dear Atty. Martin:

Re:   Insured:      Evelyn Sinkler
      Claim No.:    MMFG-07-00401-01-DI
      Policy No:    08345833-EDS

Thank you for submitting your letter of representation dated May 19, 2009.

As of May 19, 2009, all correspondence between MassMutual and Ms. Sinkler will be directed through you.

Per your request, I have tried to reach you three separate times today to discuss the claim but have reached the answering service each time. I will try again on Tuesday, following the holiday.

I have requested a copy of Ms. Sinkler's policy. Once received, I will flag the areas you have in question regarding definition of partial disability and MassMutual's right to have the insured examined by a doctor and will forward this information to you. This claim is not guided by ERISA.

I have enclosed a copy of our last correspondence to Ms. Sinkler dated May 7, 2009. Since that time, Ms. Sinkler has provided a signed copy of the questionnaire that we completed over the phone as well as clarification that the date of disability she is claiming is March 19, 2003. She indicated she included the name and contact information of her last employer prior to March 19, 2003, with the other submitted information, however we have not received this documentation. **Accordingly, please submit the name and contact information of Ms. Sinkler's last employer prior to her claimed date of disability, March 19, 2003.** (1)

Should you have any questions regarding this letter or your clients claim, please call me at 1-800-272-2216, option 8, ext. 23957, fax number 1-860-562-6171, or write to me at MassMutual Life Insurance Company, Disability Income Benefits Department M125, 1295 State Street, Springfield, MA 01111-0001.

 

Sincerely,

Angelique Lapointe
Claim Examiner

*Exhibit 7*

## IMPORTANT INFORMATION TO
## MASSACHUSETTS MUTUAL LIFE INSURANCE POLICYHOLDERS

In the event you need to contact someone about this policy for any reason please contact your agent. If you have additional questions you may contact the insurance company issuing this policy at the following address and telephone:

**MASSMUTUAL CLIENT SERVICES**
**140 GARDEN STREET, M.S. 181**
**HARTFORD, CT 06154**
**TELEPHONE: 1-800-272-2216**

If you have been unable to contact or obtain satisfaction from the company or the agent, you may contact the Virginia Bureau of Insurance at:

**LIFE AND HEALTH DIVISION**
**BUREAU OF INSURANCE**
**P.O. BOX 1157**
**RICHMOND, VA 23209**

**IN STATE TOLL-FREE CALLS 1-800-552-7945**
**OUT-OF-STATE CALLS 804-786-3741**

Written correspondence is preferable so that a record of your inquiry is maintained. When contacting your agent, company or the Bureau of Insurance, have your policy number available.

VIL-88                                    MassMutual                                    (vi      ld88)